# W. O. Winn v. W. W. Brown et al.

The surviving widow of R. W. sold a tract of land belonging to the community, of which property her minor children owned an undivided half. The sale was made by the mother for herself, and as tutrix of her minor children, and with full warranty. In a suit by one of the children to recover his portion of the property from one holding under a title from his mother's vendee—*Held:* That although the defendant had not obtained a subrogation to his vendor's rights of warranty against the mother of plaintiff, the action could not be maintained, the fact of the price of the property having gone into the succession of the mother, of which the plaintiff was heir, making it against good conscience for him to recover.

APPEAL from the District Court of the Parish of Natchitoches, *Chaplin, J.* W. B. Lewis, for plaintiff. J. B. Smith, for defendant.

MERRICK, C. J. "This is a petitory action, in which the plaintiff seeks to recover from the defendants, the undivided half of a certain plantation or tract of land.

"Plaintiff avers that he is the sole surviving heir of *Richard Winn*, late of the parish of Rapides. That said *Richard Winn* owned, during his life-time, the undivided half of said land. That said *Richard Winn* sold the same to *Daniel R. Hopkins*, on the 28th day of December, 1838, on certain terms of credit; and on the 2d day of November, 1840, *Hopkins* sold it to *B. B. Brazeale*, who, being already the owner of the other half thereof, became, by said sale, the sole owner of the whole tract. That on the 15th day of November, 1841, he sold the whole property to one *Samuel Quarles*, on certain credit, and transferred the notes of said *Quarles* to petitioner's mother, who by the death of his father, became the natural tutrix, and was co-tutor with *James N. T. Richardson*, (with whom she intermarried,) of himself and his sister *Ann T. Winn*, who has since died.

"That said transfer of notes was in payment of the debt due to said *Richard Winn*, for the price of said property, which was a community debt due to his mother, to himself, and to his sister—one-half to his mother, and the other half to himself, in his own right and as heir of his sister.

"Plaintiff further avers, that his said mother and her husband, *James N. T. Richardson*, acting in right of his said mother, as owner of one-half of said claim, and as co-tutors of himself and sister, and under and by virtue of the advice of a family meeting, took all of said land, together with a number of slaves, and personal property from said *Quarles*, in payment of said community debt, and whereby the undivided half thereof became the property of himself and sister,

and which is evidenced by an act of sale, or giving in payment, passed on the 2d day of March, 1846.

"Plaintiff finally avers, that *W. W. Brown, Tally Brown* and *Daniel Brown,* have taken illegal possession of said land, and that they are bound to account for the fruits and revenues, which are reasonably worth ten thousand dollars. He prays that defendant be decreed to deliver up the undivided half of said land, and for judgment against them for the sum of ten thousand dollars, for fruits and revenues."

The defendant, among other defences to the action, pleaded the exception, that the plaintiff, as heir to his mother, the vendor of *Quarles,* was bound in warranty and, therefore, could not recover.

To this, plaintiff replies: The defendant claims title by virtue of a sale from *Quarles* to him. In this act of sale there is no subrogation to *Quarles'* action and demand in warranty, and, therefore, defendant cannot avail himself of it as a means of defence. It is true, as contended for by plaintiff, that it has been held, that " a vendor who has not taken an express subrogation of *his* vendor's right of warranty, cannot, in case of eviction, maintain an· *action of warranty* against the vendor of his vendor."

What the defendant seeks to do in this case, is quite different. It is to avail himself of a fact as a defence to an action. He demands, strictly speaking, nothing in warranty against the plaintiff, but affirms the existence of a fact which makes it against good conscience for the plaintiff to recover. It is that plaintiff's mother expressly covenanted to warrant the title of *Quarles,* and if she did not pay the one-half of the price to the plaintiff, or for his benefit, it is still in her succession, and plaintiff has found the price therein, and is so much the richer by it. As *Quarles,* if cited in warranty, could have availed himself of this fact, as a defence to the action, so his vendee also may use it as a shield to protect his title. For it is immaterial, whether the facts which the defendants urges by way of a defence to the action, are furnished by the vendor, after a demand in warranty, or after a simple verbal notice, or are discovered by the possessors of the property without any assistance. C. C. 2494; C. P. 388·; 2 Rob. 196.

The exception ought to have been maintained.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed by the court, that there be judgment in favor of defendants, with costs of both courts.